IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARK SCOTT, SR.,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | Civil No. 18-11264 (RMB)<br><br>**OPINION** |

**BUMB**, United States District Judge:

　　This matter comes before the Court upon an appeal by Plaintiff Mark J. Scott from a denial of social security disability benefits on April 25, 2014. The denial of benefits was upheld by the Administrative Law Judge ("ALJ") on May 8, 2017. [Record of Proceedings, "R.P.", p. 10]. Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the final decision of the Commissioner. [Id.]. Plaintiff commenced this civil action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

　　For the reasons set forth below, the Court will **VACATE** the decision of the ALJ and **REMAND** for proceedings consistent with this Opinion.

1

I.  **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In <u>Plummer</u>, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its

3

equivalent, the analysis proceeds to steps four and five.

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.

At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

II. **FACTUAL BACKGROUND**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was born on December 26, 1962, and was 50 years old at the alleged onset date. [Pl.'s Br., p. 2]. He applied for Social Security Disability Benefits on October 7, 2013, alleging an onset of disability beginning January 17, 2013. [R.P., p. 10]. Plaintiff meets the insured status requirements of the Social

4

Security Act through December 31, 2018. [Id. at 12]. Plaintiff alleges disability due to physical impairments including degenerative disk disease, other arthropathies, and disorder of muscle, ligament and fascia, with right shoulder tendinosis, a partial thickness tear, and arthritis; and amputation of the fingertip of the right middle finger. [Id.].

A disability hearing was held on January 24, 2017. The ALJ heard testimony from Plaintiff and a Vocational Expert. The ALJ found Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act from January 17, 2013 through the date of the decision. [Id. at 29].

**A. Plaintiff's Medical History and Testimony**

In August 2012, Plaintiff was injured in a work-related incident while he was lifting a refrigerator case. As a result of this injury, Plaintiff suffers from cervical and lumbar spine impairments, bilateral wrist nerve damage, torn bicep and bilateral torn rotator cuffs. [Id. at 15].

Since his work related injury, Plaintiff has undergone numerous surgeries:

- In February 20, 2013, Plaintiff had right carpal tunnel release surgery. [Id.]. Plaintiff received Worker's Compensation relating to the carpal tunnel release.

- In August 7, 2013, Plaintiff received cervical spine surgery. [Id. at 16].

- On November 6, 2014, Plaintiff underwent left shoulder arthroscopy and chondroplasty. [Id. at 19].

- On September 3, 2015, Plaintiff "underwent right shoulder arthroscopy, biceps tenodesis, debridement, revision of rotator cuff repair, capsular release, chondroplasty, and removal of debris from the previous SLAP repair." [Id. at 21].

- In addition, plaintiff suffered partial amputation of his finger tip in November 2013. [Id. at 17].

Plaintiff testified at his hearing that he ceased working in 2015. Plaintiff described his symptoms as constant throbbing in his left shoulder, headaches, pain, stiffness, limitation in range of motion, and numbness and tingling in his right arm an low back. [Id. at 91, 93]. Plaintiff testified that he goes grocery shopping, but does not lift heavy items and reaching above his head is painful. [Id. at 92]. Plaintiff also testified that he had difficulty performing daily activities such as walking more than a block and a half, preparing meals, holding the newspaper out to read it, and typing on the computer. [Id. at 99].

## III. ALJ'S DETERMINATION

The ALJ concluded that the Plaintiff was not "under a disability, as defined in the Social Security Act, at any time from January 17 2013, through the date of this decision." [Id. at 29]. Relevant to the issues presented on appeal, the ALJ found that the plaintiff has the following severe impairments: "degenerative disc disease, other arteriopathies, and disorder of muscle, ligament and fascia, with right shoulder tendinosis, a partial thickness tear, and arthritis; and amputation of the finger tip of the right middle finger in November, 2013." [Id. at 12]. The ALJ also found Plaintiff has non-severe mental impairments of anxiety and depression. [Id. at 13].

The ALJ determined Plaintiff's residual functional capacity (RFC) concluding that he was able to perform a substantial range of light work with postural, manipulative and environmental limitations. [Id. at 14]. Specifically, the ALJ's RFC determination states that Plaintiff can "lift/carry 10 pounds occasionally and frequently[1], and sit, stand, and walk for 6 hours each in an 8-hour workday." [Id.].

---

[1] This Court recognizes that the phrase "occasionally and frequently" is a term of art commonly used in the medical profession. However, the phrase is an evident contradiction. A claimant cannot both "occasionally" and "frequently" lift 10 pounds. A conclusion determining that the claimant can occasionally lift 10 pounds and frequently lift 5 pounds, for example, would be more precise. The ALJ may wish to consider this issue upon remand.

During her Step Four analysis, the ALJ determined that the Plaintiff could not perform any past relevant work, and at Step Five, concluded that Plaintiff could perform a significant number of jobs that exist in the national economy such as information clerk, office helper, and ticket taker. [Id. at 29].

IV. **ANALYSIS**

Remand is appropriate for two independent reasons as set forth below.

### A. ALJ's Consideration of Medical Evidence

First, Plaintiff asserts that the ALJ failed to consider the Functional Capacity Evaluation (FCE) that was submitted prior to Plaintiff's hearing and inadvertently omitted from the record. Plaintiff's counsel electronically submitted the FCE to the ALJ on January 20, 2017 and certifies that the evidence was "properly before the ALJ at the time of the hearing." [Pl.'s Br., p. 12]. Plaintiff's counsel received an electronic facsimile confirming the document was received. [Id.].

The Commissioner argues that the Plaintiff submitted the FCE four days before the hearing in violation of the "five day rule."[2] This regulation was effective beginning January 17, 2017, however

---

[2] Under 20 C.F.R. § 416.1435, "[e]ach party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 416.912, no later than 5 business days before the date of the scheduled hearing."

8

compliance was not required until May 1, 2017.[3] In addition, the Commissioner implies that because FCE was conducted by a Physical Therapist that the opinion does not qualify as an "acceptable medical source and therefore should not be treated as a "medical opinion" under the regulations." [Def.'s Br., p.9]. However this implication is also without merit as the Third Circuit has found "statements from a physical therapist are entitled to consideration as additional evidence" although they may not be entitled to controlling weight. Hatton v. Comm'r of Soc. Sec., 131 Fed. App'x 877, 878 (3d Cir. 2005).

Furthermore, the Commissioner argues that Plaintiff had ample time to correct the record, pointing to the fact that Plaintiff's counsel could have requested a copy of the exhibits prior to the hearing. The ALJ confirmed that the record was incomplete and discussed which documents remained outstanding, yet Plaintiff's counsel failed to mention the FCE. This is in addition to the fact that the ALJ continued to accept materials and admit them into the record through March 2017. [Id. at 10-11]. The Commissioner therefore asserts that this Court may not consider the extra-

---

[3] Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90,987 (December 16, 2016).

9

record material and should consider only evidence that was in the record before the ALJ.[4]

Notwithstanding Plaintiff's failure to amend the record during the appropriate and extended time period, Plaintiff reasonably relied on the electronic facsimile transmission confirming the receipt of the FCE. The record evidence before this Court supports a conclusion that the FCE was timely submitted, yet it does not appear that it was considered by the ALJ. It is unclear whether the FCE was included in the record before the ALJ, although the Commissioner does not dispute Plaintiff's contention that it was omitted. However, this fact is inconsequential: the ALJ did not reference the RFC anywhere in her opinion, and this Court finds that the FCE is material to the Plaintiff's case,

---

[4] The Commissioner mistakenly classifies this case as falling under "sentence six" of 42 U.S.C. § 405(g), which states that when a Plaintiff seeks to introduce extra-record evidence, it must be new and material, and claimant must show "good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, this Court finds that record evidence supports a conclusion that the FCE was timely submitted to the ALJ and should have been included in the record but for a clerical or administrative error. Therefore, this Court is remanding based on the record that was made before the ALJ (Sentence Four review) and does not consider the FCE "new" evidence (Sentence Six review.) However, even if the FCE is considered "new" evidence, this Court finds that it is material and Plaintiff's unsuccessful attempt to include it in the record meets the good cause requirement under Sentence Six. See Gray v. Barnhart, 2004, U.S. Dist. LEXIS 2432, at 12-13 (D. Del. Feb. 5, 2004) (Where a Plaintiff's motion to supplement the record containing a letter with material information was sent to the ALJ but not included in the record, the court held Plaintiff's unsuccessful attempt to include the letter constituted good cause for remand.).

which necessarily warrants further discussion. See, Melendez v. Colvin, 2016 U.S. Dist. LEXIS 123216, at *11 (D.N.J. Sept. 12, 2016) (citing Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994))("This Court will remand where the ALJ's findings are not the product of a complete review which 'explicitly weigh[s] all relevant, probative an available evidence' in the record.)".

The exclusion of the FCE may have been unfairly prejudicial to Plaintiff because the FCE relates to his ability to perform work related activities. The FCE offers evidence that Plaintiff can only "occasionally" perform light work for up to 4 hours per day. [Dkt. No. 7, Att. 1]. These findings by the Physical Therapist are at least entitled to consideration by the ALJ[5], especially in light of the fact that the ALJ found in her RFC determination that Plaintiff can perform a substantial range of light work for up to 6 hours a day. [R.P., p. 14].

Because the FCE was either omitted from the record due to a clerical or administrative error, or simply not addressed by the ALJ in her decision, the record is not adequately developed and thereby preventing a meaningful review by this Court. Accordingly, remanding this case is appropriate.

---

[5] Hatton v. Comm'r of Soc. Sec., 131 Fed. App'x 877, 878 (3d Cir. 2005).

**B. ALJ's Consideration of Non-severe Mental Impairments**

Second, Plaintiff argues that the ALJ erred by failing to include limitations relating to Plaintiff's mental impairments in the formulation of the RFC.

At Step Two, the ALJ found that plaintiff had medically determinable mental impairments of depression and anxiety. [R.P., p. 13]. The ALJ then determined that Plaintiff's mental impairments were non-severe with mild limitations in areas of understanding, remembering, and applying information, interacting with others, and concentration. [Id.]. However, during her RFC formulation, the ALJ contradicted her findings at Step Two by stating that the medical record did not support a medically determinable mental impairment. [Id. at 25].

Although the ALJ briefly discussed Plaintiff's medical impairments during the RFC determination[6], she did not make any discernable conclusions regarding the impact on Plaintiff's medical impairments in combination with his physical impairments. "Without the ALJ performing the analysis, the Court also cannot determine whether the ALJ's decision is supported by substantial

---

[6] "The [claimant] also reported problems with concentration and conversation, and in understanding, following instructions, and getting along with others, though the undersigned notes that the record does not support more than mild limitations, as discussed earlier in this decision." [R.P., p. 25].

evidence." <u>Curry v. Comm'r of Soc. Sec.</u>, 2017 U.S. Dist. LEXIS 29798, at *12 (D.N.J. Mar. 2, 2017).

Therefore, the Court finds that this matter must be remanded for further proceedings so that the ALJ can conclusively determine whether Plaintiff has medically determinable mental impairments and if so, whether Plaintiff's mental impairments affect her RFC and ability to perform past relevant work.

Lastly, the Court declines to address Plaintiff's remaining claims of error as they may be affected by the ALJ's review of this case on remand.

## V. CONCLUSION

For the reasons expressed above, the Court will **VACATE** the ALJ's decision and **REMAND** for proceedings consistent with this Opinion. An appropriate Order shall issue on this date.

June 24, 2019             ___s/ Renée Marie Bumb___
                                             RENÉE MARIE BUMB, U.S.D.J.